UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS M. ROBINSON,<br><br>    Petitioner,<br><br>    v.<br><br>G.W. LEWIS,<br><br>    Respondent. | No. 2:13-cv-0604 WBS AC P<br><br><br>FINDINGS & RECOMMENDATIONS |

      Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on March 13, 2013.[1] Petitioner challenges the sufficiency of the evidence supporting his convictions for two counts of premeditated murder, one count of malicious discharge of a firearm at an inhabited dwelling causing great bodily injury, and the malicious discharge of a firearm from a motor vehicle causing great bodily injury. ECF No. 1. He also challenges the sufficiency of the evidence supporting multiple gun use and gang enhancements; the effectiveness of his trial counsel; three separate evidentiary rulings that the trial court made; and raises additional claims of prosecutorial misconduct and jury instructional error. Id.

---

[1] Petitioner signed the proof of service accompanying the instant petition on March 13, 2013. (ECF No. 1 at 118).

1

On June 5, 2013 respondent filed a motion to dismiss the instant petition on the grounds that (1) it was filed after the statute of limitations had expired, and (2) claim six was unexhausted. (ECF No. 13). Petitioner opposed the motion on July 19, 2013, ECF No. 21, and respondent filed a reply on August 14, 2013, ECF No. 23.

Resolution of respondent's motion to dismiss turns on the application of the prison mailbox rule as well as the availability of gap tolling for two separate intervals of 66 days and 91 days between petitioner's state habeas corpus applications. The undersigned discusses each issue in turn.

### I.     *Application of Prison Mailbox Rule*

Respondent supported his motion to dismiss by attaching petitioner's CDC prison mail log from August 13, 2009 until May 1, 2013. See ECF No. 13 at 11-13. The motion to dismiss relies upon the dates listed in this mail log to calculate the constructive filing date for petitioner's state and federal habeas corpus petitions.

However, the accompanying proofs of service for the state and federal habeas corpus petitions demonstrate that they were deposited with prison officials for mailing prior to the dates listed in the prison mail log. For example, the proof of service for the instant 2254 petition indicates that it was deposited "in the receptacle provided by Pelican Bay State Prison" on March 13, 2013. The prison mail log indicates that this was sent out thirteen days later, on March 26, 2013. Which dates is selected as the constructive filing date of each habeas petition will ultimately affect the statute of limitations calculation in the instant case.

In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to both state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Newland, 250 F.3d 1262, 1268–1269 (9th Cir. 2000),

amended May 23, 2001, vacated and remanded on other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226, (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003).  The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).

The Ninth Circuit has explicitly rejected the respondent's method of applying the prison mailbox rule.  See Davis v. Woodford, 446 F.3d 957, 960 (9th Cir. 2006).  The Davis court found that an inmate's notice of appeal was constructively filed on the date sworn to in his proof of service even when the prison mail log indicated that it went out 7 days later.  Id.  The court emphasized that "[t]he fact that the prison log shows that the mail was sent on January 7 is not inconsistent with its having been deposited on December 31."  Id.  The same evidentiary discrepancy exists in the present case.  Without any additional affidavit from officials at Pelican Bay State Prison explaining how legal mail could be deposited within the institution but not mailed out until several days or weeks later, the undersigned will rely on the proof of service accompanying petitioner's habeas applications.  Id.  Accordingly, for purposes of calculating the running of the statute of limitations, the undersigned will consider the signature date on the proof of service as the operative date of filing for all of Petitioner's state petitions and for the instant federal petition.

   II.    *Statute of Limitations*

Section 2244(d) (1) of Title 28 of the United States Code contains a one year statute of limitations for filing a habeas petition in federal court.  The one year clock commences from several alternative triggering dates which are defined as "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).  The

parties agree that petitioner's conviction became final for purposes of the AEDPA on August 9, 2011, following the expiration of time to seek certiorari review by the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(A). The statute of limitations commenced on the next day and expired one year later on August 9, 2012, absent any statutory tolling.

    A. *Statutory Tolling*

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F.3d 729 (9th Cir. 2008) (per curium) (internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193–194 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222–226 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999).

The statute of limitations was tolled on November 12, 2011 based on the proof of service date in the habeas corpus petition filed in the Sacramento Superior Court.[2] See Lodged Doc. No. 5. Accordingly, there were 271 days remaining on the statute of limitations. The Superior Court denied this petition on January 19, 2012. See Lodged Doc. No. 6.

---

[2] There is a discrepancy in the proof of service. The typed portion of the document indicates that petitioner deposited the state habeas petition in the receptacle provided by Pelican Bay State Prison on October 8, 2011. However, his signature at the bottom of that form is dated November 12, 2011. The declaration in support of petitioner's request to proceed in forma pauperis is also signed on November 12, 2011. The habeas petition is not file stamped by the Superior Court until December 8, 2011. Lodged Doc. No. 5. The respondent uses December 5, 2011 as the constructive filing date for this petition relying on the CDC outgoing legal mail log. See ECF No. 13 at 11. The earliest possible date that the petition could have been placed in the prison's legal mailbox for filing was November 12, 2011, which the court will use as the constructive filing date for this petition.

Petitioner did not file his next state habeas corpus petition until March 26, 2012 according to the proof of service attached to the petition.[3]  Thus, there was a gap of 66 days between the Superior Court's denial of habeas relief and the filing date of a new petition in the California Court of Appeal.  Absent gap tolling, there were 205 days remaining on the federal statute of limitations clock.  At a minimum, however, the statute of limitations remained tolled until April 5, 2012, the date the California Court of Appeal denied the petition.  See 28 U.S.C. § 2244(d)(2); see also Lodged Doc. No. 8.

Next, petitioner filed a habeas corpus petition in the California Supreme Court on July 6, 2012 according to the proof of service accompanying the petition.[4]  See Lodged Doc. No. 9.  There was a 91 day gap between the court of appeal's denial of habeas relief and the filing of a new petition.  Absent gap tolling for this time period, there were 114 days remaining on the statute of limitations clock.  This petition was denied by the court on October 24, 2012.  See Lodged Doc. No. 10.

Without affording petitioner any gap tolling, the federal statute of limitations expired on February 16, 2013.  The instant federal habeas corpus petition was not filed until March 13, 2013 using the proof of service attached to the petition.[5]

B.  *Gap Tolling*

Statutory tolling continues during the gaps between a lower court's decision in post-conviction proceedings and the proper filing of a new petition or a notice of appeal in a higher court, so long as the filing is deemed timely under state law.  Evans v. Chavis, 546 U.S. 189 (2006).  Under the analysis mandated by the Supreme Court's decision in Evans, absent an

---

[3] The typed portion of the proof of service indicates that petitioner deposited the state habeas petition in the receptacle provided by Pelican Bay State Prison on March 25, 2012.  The habeas petition is file stamped by the Court of Appeal on April 2, 2012.  Lodged Doc. No. 7.  The respondent uses March 28, 2012 as the constructive filing date by relying on the CDC legal mail log.  See ECF No. 13 at 12.

[4] The habeas petition was file stamped by the California Supreme Court on August 6, 2012.  Lodged Doc. No. 9.  The respondent relies on August 1, 2012 as the constructive filing date for this petition based on the CDC legal mail log.  See ECF No. 13 at 13.

[5] The respondent uses March 26, 2013 as the constructive filing date for the petition which is the date the CDC indicates that it sent out the petition.  See ECF No. 13, at 13 (attachment).

explicit timeliness determination by the state court in the first instance, this Court must examine the delay to determine whether the state court would have considered the petition filed within a "reasonable time." 546 U.S. at 198.

In petitioner's case, the California Court of Appeal denied the habeas petition citing to In re Steele, 32 Cal. 4th 682, 692 (2004), and In re Hillery, 202 Cal.App.2d 293 (1962), neither of which involve an explicit timeliness determination. When asked to "[e]xplain any delay in the discovery of the claimed grounds for relief and in raising the claims" petitioner indicated in his petition that his delay "was caused by the lengthy research of the issu's [sic] that my appointed appellate counsel failed to raise." See Lodged Doc. No. 7. Therefore, it is not clear that the state court deemed petitioner's application for habeas relief unreasonably delayed.

Respondent did not lodge the order from the California Supreme Court denying the habeas corpus petition. Instead, respondent submitted the docket sheet printed from the court's website. See Lodge Doc. No. 10. The docket sheet merely lists the date of denial without any explanation or citation to authority.[6] It thus appears that the court did not make an explicit timeliness ruling. This court must therefore independently determine whether petitioner's second and third state habeas corpus petitions were filed within what California would consider a "reasonable time." If so, then the state petitions were properly filed under the AEDPA and therefore entitled to gap tolling between the denial of one petition and the filing of a new petition in the higher state court.

Ever since Evans, the Ninth Circuit Court of Appeals has continued to whittle down the length of delay deemed "reasonable." Compare Banjo v. Ayers, 614 F.3d 964, 971 (9th Cir. 2010) (finding that Banjo's delay of 146 days between the first and second petitions filed in the superior court was unreasonable); and Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (finding that delays of 101 and 115 days between filings were unreasonable and therefore not entitled to interval tolling); with Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (holding that interval delays of 81 days and 92 days between filings were unreasonable); and Livermore v. Sandor, 2012 WL 2513951, *1 (9th Cir. 2012) (unpublished) (finding that a

---

[6] In the experience of the undersigned, California Supreme Court docket sheets in habeas cases include any citations and the text of any explanations contained in such orders.

1  seventy-six day delay was unreasonable and therefore not entitled to gap tolling).  Applying this
2  precedent to the case at bar, it is clear that petitioner is not entitled to gap tolling for the 91 day
3  gap between the California Court of Appeal's denial of habeas relief and the filing date of his
4  petition in the California Supreme Court.  Especially in light of Velasquez, 639 F.3d at 968
5  (finding interval delays of 81 days and 92 to be unreasonable), the interval at issue here cannot be
6  deemed reasonable.

7       The closer question is whether petitioner is entitled to gap tolling for the 66 day interval
8  between the superior court's denial of habeas relief and his filing of a new petition in the
9  California Court of Appeal.  While precedent does not expressly dictate an answer to this
10 question, a review of petitioner's state habeas corpus applications as well as the parties' pleadings
11 indicate that petitioner is not entitled to gap tolling for this period.  First, petitioner explains the
12 gap between his state court filings as being "attributed to further research and litigation of
13 potential issues…."  ECF No. 17 at 7.  While this is an explanation for the delay, it is simply not a
14 convincing one on the facts of this case.  The record before this court refutes petitioner's
15 representation that he was developing his claims during the interval period.

16      A comparison of petitioner's habeas corpus applications in the superior court and the court
17 of appeal reveals no discernible difference between the two.  In fact, the only difference between
18 the two habeas petitions is that his California Court of Appeal petition is missing a few pages
19 interspersed throughout the voluminous document.  The petition filed in the California Court of
20 Appeal was simply a photocopy of the prior petition.  There are no additional claims presented or
21 cases cited in the habeas petition filed in the California Court of Appeal.  Cf. Osumi v. Giurbino,
22 445 F. Supp. 2d 1152, 1158–1159 (C.D. Cal. 2006) (finding a three month delay not unreasonable
23 given lengthy appellate briefs and petitioner's substantial re-writing of habeas petition following
24 denial by superior court); Stowers v. Evans, 2006 WL 829140 (E.D. Cal.2006) (finding an 87day
25 delay not unreasonable because second petition was substantially re-written); Warburton v.
26 Walker, 548 F. Supp. 2d 835, 840 (C.D. Cal.2008) (finding a 69 day delay reasonable because
27 petitioner amended petition before filing in Court of Appeal).  The lack of a reasonable
28 justification for petitioner's delay, coupled with the Supreme Court's emphasis in Evans that 30

to 60 days is generally a reasonable period of time to file a new petition in a higher court, suggest that petitioner is not entitled to the gap tolling he requests.

For these reasons, the undersigned recommends that petitioner be denied gap tolling for the 66 and 91 day intervals between his last two state habeas corpus petitions. This renders his 28 U.S.C. § 2254 petition untimely filed by 25 days. Accordingly, respondent's motion to dismiss should be granted. This recommendation renders it unnecessary to decide whether claim number six in the federal habeas corpus petition is unexhausted.[7] See ECF No. 13 at 6-8.

   A.  *"Motion to Proceed as Representative"*

Also pending before the court is petitioner's "motion to proceed as representative" filed on petitioner's behalf by his brother, Roger Adams. ECF No. 18. In the motion, petitioner's brother, who is currently incarcerated at California State Prison – Solano, indicated that he has acted as an "unofficial next friend on behalf of petitioner" while they were both housed at Pelican Bay State Prison. ECF No. 18 at 2. Although it is not clear how long petitioner's brother was an inmate at Pelican Bay, it appears from the CDC mail log submitted by respondent that all of the relevant state habeas petitions were filed while petitioner was housed there. See ECF No. 13 at 11-13. Other than his pro se status and lack of familiarity with the law, petitioner provides no justification for this motion.

While Congress has codified next friend standing in 28 U.S.C. § 2242, the United States Supreme Court has made it clear that "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). In order to establish next friend standing, a putative next friend must show "(1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." Coalition of Clergy, Lawyers and Professors v. Bush, 310 F.3d 1153, 1159-60 (9th Cir. 2002). The burden is on the putative next friend to clearly establish the propriety of his or her status.

---

[7] In his response, petitioner requested that claim six be deleted from his petition and that he be allowed to proceed with the remaining exhausted claims. See ECF No. 17 at 8.

Whitmore v. Arkansas, 495 U.S. at 164.

While the undersigned has no reason to doubt that petitioner's brother is "truly dedicated to the best interests" of petitioner, neither has submitted any evidence demonstrating that petitioner has any mental impairment or lack of access to the court that would require the appointment of a next friend.  See Coalition of Clergy, Lawyers and Professors v. Bush, 310 F.3d 1153, 1159-60 (9th Cir. 2002).  For that reason, the undersigned recommends denying the motion.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted and that petitioner's motion to proceed as legal representative be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 1, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE