# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS M. ROBINSON,<br><br>    Petitioner,<br><br>    v.<br><br>G.W. LEWIS,<br><br>    Respondent. | No. 2:13-cv-0604 WBS AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding with counsel, brought a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 28, 2013. ECF No. 1. Following the Ninth Circuit's mandate in this action (ECF No. 43), respondent's motion to dismiss petitioner's petition (ECF No. 13) is again before this court. For the reasons set forth below, this court recommends that respondent's motion to dismiss be DENIED.

    I.    <u>Background</u>

In March 2013 petitioner filed a petition for writ of habeas corpus with six claims for relief. ECF No. 1. On June 5, 2013, respondent filed a motion to dismiss the petition, arguing that (1) the petition was filed after the statute of limitations had expired, and (2) claim six of the petition was unexhausted. ECF No. 13. Relating to the exhaustion issue, respondent argues that because the claim was not presented to the California Supreme Court, the instant petition is mixed and thus petitioner must either delete the claim and proceed only with claims actually presented to the California Supreme Court, or the entire petition must be dismissed. ECF No. 13 at 8. In his opposition, petitioner conceded that respondent was correct, and moved the court to "delete claim

1

six . . . and proceed with properly exhausted claims to the state court." ECF No. 17 at 8.

In October 2013, the undersigned recommended respondent's motion to dismiss be granted on timeliness grounds. ECF No. 29. This court determined that the statute of limitations for this habeas petition commenced on August 9, 2011, and expired one year later, on August 9, 2020, absent any statutory tolling. Id. at 4. The court further determined that the statute of limitations was tolled on November 12, 2011, based on the proof of service date in the habeas corpus petition filed in the Sacramento Superior Court. Id. at 4. That petition was denied on January 19, 2012, and petitioner did not file his next state habeas corpus petition until 66 days later, on March 26, 2012. Id. at 5. Citing precedent directing lower courts to independently determine whether a petitioner's second and third state habeas corpus petitions were filed within what California would consider a "reasonable time," this court determined that this 66-day gap was not entitled to tolling. Id. at 6-7. The court also determined that a 91-day interval, not at issue here, was not entitled to tolling, and due to these two denials the court concluded that the petition was untimely filed by 25 days. Id. at 8.

The District Judge adopted the findings and recommendations, (ECF No. 34), and petitioner appealed (ECF No. 36). Because the findings and recommendations rested on the statute of limitations issue, the court did not make any findings with regard to respondent's argument that petitioner has not fully exhausted one of his claims. See ECF No. 29.

II.     Ninth Circuit Decision

On January 21, 2014, petitioner filed a notice of appeal (ECF No. 36), and on August 24, 2020, the Ninth Circuit reversed the court's finding that petitioner was barred from bringing this petition due to the statute of limitations (ECF No. 42).

Under AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward [this] period of limitation." 28 U.S.C. § 2244(d)(2). In determining timeliness of habeas petitions, California, unlike other states which specify precise time limits, applies a

2

"reasonableness" standard.  ECF No. 42 at 3 (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)).  In determining reasonableness, "the days between (1) the time the lower state court reached the adverse decision, and (2) the day he filed a petition in the higher state court" are "pending" for purposes of 28 U.S.C. § 2244(d)(2) and therefore "add[ed] to the 1-year time limit."  Id. (quoting Carey, 536 U.S. at 222-23.

In determining whether the 66-day delay at issue was reasonable, the Ninth Circuit certified the question to the California Supreme Court (ECF No. 42 at 4), which explained that "a 66-day gap between the denial of a petition in the superior court and the filing of a new petition in the Court of Appeal would not be considered substantial delay.  It would not make any claim raised in the petition untimely if the petitioner had otherwise presented that claim without substantial delay," Robinson v. Lewis, 9 Cal. 5th 883, 891 (2020).  Following the California Supreme Court's answer, the Ninth Circuit determined that "this 66-day interval is not a substantial delay," and reversed and remanded proceedings consistent with this finding.  ECF No. 42 at 7.

### III.    Respondent's Motion to Dismiss

Respondent's motion seeks to dismiss petitioner's petition on the grounds that (1) the petition was filed after the statute of limitations had expired, and (2) claim six of the petition was unexhausted.  ECF No. 13.  In light of the Ninth Circuit's resolution of the timeliness issue in favor of petitioner, the undersigned recommends that respondent's motion to dismiss on this basis be denied.  Further, due to petitioner's withdrawal of the unexhausted claim per ECF No. 17 at 6, Claim Six is deemed voluntarily dismissed.  Accordingly, the undersigned recommends respondent's motion to dismiss be denied in full.

### IV.    Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No 13) be DENIED;

2. Claim Six of petitioner's petition be deemed voluntarily dismissed; and

3. This case proceed on the five remaining exhausted claims.

These findings and recommendations are submitted to the United States District Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE